IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH MCDOUGALD, | ) | 8:13CV151 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, Director, | ) | |
| and FRED BRITTEN, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Keith McDougald's ("Petitioner" or "McDougald") Petition for Writ of Habeas Corpus. (Filing No. 1.) For the reasons set forth below, the court finds that a grant of a writ of habeas corpus is not warranted on any of the issues set forth in McDougald's habeas corpus petition.

Liberally construed, McDougald argues that he is entitled to a writ of habeas corpus based on the following claims:

Claim One: Petitioner was denied due process in violation of the Fourteenth Amendment because 1) "there was never a proper Amended Information filed"; and 2) "Petitioner's conviction was obtained on the basis of a no contest plea which was not knowingly, willingly, intelligently, and understandingly made."

Claim Two: Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments because petitioner's counsel failed to 1) investigate; 2) "discover and produce evidence"; 3) "properly and correctly advise"; 4) "present a known defense"; and 5) make timely objections.

Claim Three: Petitioner was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments because appellate counsel failed "to raise issue[s] that would appear on the record, such as, that the plea was invalid and void due to a defective Information or Amended Information and due to the fact medical evidence refuted the state[']s case."

(Filing No. 1.)

## I. BACKGROUND

### A. Conviction

The State of Nebraska ("State") charged McDougald by information in the District Court of Douglas County, Nebraska ("state district court), with first degree sexual assault of a child and terroristic threats. (Filing No. 9-8 at CM/ECF pp. 10-13.) As part of a plea agreement, the State amended the original charge of first degree sexual assault of a child to attempted first degree sexual assault, and dismissed the terroristic threats charge. (Filing No. 9-10 at CM/ECF pp. 4-5.) On May 17, 2011, McDougald pled no contest to an amended information charging him with attempted first degree sexual assault. (Filing No. 9-8 at CM/ECF p. 14.) The factual basis provided by the State established that McDougald subjected his 13-year-old daughter to sexual penetration approximately five times between January 4, 2010, and February 21, 2010. (*Id.* at CM/ECF pp. 12-13.) On July 15, 2011, the state district court sentenced McDougald to 18 to 20 years in prison. (*Id.* at CM/ECF p. 15.)

### B. Direct Appeal

McDougald filed a direct appeal of his conviction and sentence. McDougald was represented by trial counsel on appeal. (*Id.* at CM/ECF p. 1.) On direct appeal,

2

McDougald argued only that the state district court imposed an excessive sentence. (Filing No. 9-3 at CM/ECF p. 4.)

On November 16, 2011, the Nebraska Court of Appeals affirmed McDougald's conviction and sentence by sustaining the State's motion for summary affirmance. (Filing No. 9-1 at CM/ECF p. 2.) McDougald did not file a petition for further review in the Nebraska Supreme Court. (*See id.*)

C.  **Post-Conviction Motion and Appeal**

McDougald filed a motion for post-conviction relief in the state district court on March 22, 2012. (Filing No. 9-9 at CM/ECF pp. 24-38.) McDougald argued in his post-conviction motion that his plea was void or voidable because his counsel was ineffective for failing to challenge the amended information on the basis that it did not set forth the victim's date of birth. (*Id.*) McDougald also argued that his counsel was ineffective for failing to inform McDougald of his right to withdraw his plea, for failing to talk to McDougald about a "defense" to the charges, and for failing to raise certain issues on direct appeal. (*Id.*) The state district court denied McDougald's post-conviction motion without an evidentiary hearing on August 21, 2012. (Filing No. 9-9 at CM/ECF pp. 64-69.)

McDougald appealed the state district court's denial of post-conviction relief to the Nebraska Court of Appeals. (Filing No. 9-9 at CM/ECF p. 1.) On October 18, 2012, the Nebraska Court of Appeals affirmed the state district court's denial of post-conviction relief by sustaining the State's motion for summary affirmance. (Filing No. 9-2 at CM/ECF p. 2.) McDougald filed a petition for further review in the Nebraska Supreme Court, which was denied on April 10, 2013. (*Id.*)

### D. Habeas Corpus Petition

McDougald filed his habeas corpus petition in this court on May 13, 2013. (Filing No. 1.) In response to the petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records. (Filing Nos. 9, 10, 11, and 12.) Thereafter, McDougald filed a brief in support of his petition. (Filing No. 13.) The court deems this matter fully submitted.

## II. STANDARD OF REVIEW

### A. Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

4

court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See* *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at

5

497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.  Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)  (i)  there is an absence of available State corrective process; or
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state

procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

### III. DISCUSSION

**A.     Claim One**

Liberally construed, McDougald argues in Claim One of his habeas corpus petition that his no-contest plea is void or voidable because the amended information upon which his plea was based did not set forth the age of the victim. (*See* grounds I and II in McDougald's petition at Filing No. 1 at CM/ECF pp. 8-11.) On initial review of McDougald's petition, the court liberally construed this argument as a two-part federal due process claim. (*See* introductory paragraphs of this Memorandum and Order; *see also* court's initial review of habeas corpus petition at Filing No. 7 at CM/ECF p. 1.) However, upon careful review of the state court records in this matter, it is clear that McDougald never raised these arguments as federal due process claims in the Nebraska state courts as required by 28 U.S.C. § 2254(b)(1). *See Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 546 U.S. 844 (2005) (holding that in order to fairly present a federal constitutional claim, the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.")

8

Moreover, he cannot now raise the arguments in a successive motion for post-conviction relief. See *Ortiz*, 670 N.W.2d at 792. As such, Claim One is procedurally defaulted.

McDougald has not argued, much less demonstrated, cause and prejudice for the default of Claim One or that the court's failure to consider Claim One will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (stating claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim). Accordingly, the court will dismiss Claim One in its entirety.

B.   **Claims Two and Three**

In Claims Two and Three, McDougald argues that his counsel was ineffective for failing to challenge the amended information. McDougald argues that counsel, who represented McDougald at trial and on direct appeal, did not object to "defects" in the amended information. McDougald also makes other blanket assertions about counsel (*see* recitation of claims in introductory paragraphs of this Memorandum and Order), but these can be easily dismissed because, like Claim One, they were never presented in the Nebraska state courts. McDougald has not argued, much less demonstrated, cause and prejudice for the procedural default of these other blanket assertions about counsel's performance or that the court's failure to consider them will result in a fundamental miscarriage of justice.

As for McDougald's claim that his trial/appellate counsel was ineffective for failing to challenge defects in the amended information, McDougald fairly presented the argument to the Nebraska state courts. Therefore, this court will discuss the argument's merits under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

    **1.**    *Strickland* **Standard**

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard as incorrect but whether that determination was unreasonable–a substantially higher threshold. . . . And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

### 2. State Court Findings

McDougald argued in his post-conviction motion to the state district court that the amended information was deficient because it did not specify the victim's age. (Filing No. 9-9 at CM/ECF pp. 31-32.) He arguably raised the same issue in a brief to the Nebraska Court of Appeals and in a petition for further review to the Nebraska Supreme Court. (Filing No. 9-5 at CM/ECF p. 20; Filing No. 9-7 at CM/ECF p. 1.) In each instance, the Nebraska state courts rejected McDougald's argument.

In its order denying post-conviction relief, the state district court wrote:

> [McDougald] claims counsel was ineffective in failing to object to the amended information, because it did not specify the victim's age. "Generally, to charge a defendant with the commission of a criminal offense, the information or complaint must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime, or in language equivalent to the statutory terms defining the crime charged." *State v. Van*, 268 Neb. 814, 688 N.W.2d 600(2004). "Where an information alleges the commission of a crime using language of the statute defining that crime or terms equivalent to such statutory definition, the charge is sufficient." *Id.* Here, the Amended Information uses the statutory language and [McDougald] has not presented any facts or law to establish it was constitutionally deficient. Thus, this claim should be dismissed without a hearing. *State v. Gibilisco*, 279 Neb. 308, 778 N.W.2d 1 06 (2010) ("The amended information was not constitutionally deficient. Therefore, Gibilisco suffered no prejudice on this basis and the district court properly denied his claim.").

(Filing No. 9-9 at CM/ECF p. 10.) The Nebraska Court of Appeals sustained the judgment of the state district court, and the Nebraska Court of Appeals denied a petition for further review of the issues. (Filing No. 9-2 at CM/ECF p. 2.)

### 3. Deference

The Nebraska state courts' findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. McDougald has not argued, much less established, that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the state court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

Indeed, the court has reviewed the amended information and agrees with the state district court that the information alleges the commission of a crime using language of the statute defining that crime. (*See* amended information at Filing No. 9-8 at CM/ECF p. 10.) While the amended information does not specifically set forth the victim's date of birth, it does set forth that Petitioner attempted to subject "a person of at least twelve years of age but less than sixteen years of age" to sexual penetration, which mirrors the language in Nebraska's sexual assault statute. (*Id.*) *See* Neb. Rev. Stat. § 28-319. McDougald has failed to show that his counsel's performance was objectively deficient, or that any prejudice resulted from counsel's failure to object to the amended information. Accordingly, a grant of a writ of habeas corpus is not warranted on Claims Two or Three.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, McDougald has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the habeas corpus petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

DATED this 23rd day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.